IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **TRUSTEES OF THE NATIONAL ASBESTOS PENSION FUND,** | * * * * | |
| Plaintiffs, | * | |
| v. | * | Civil No. PJM 14-3873 |
|  | * | |
| **KC FIRESTOP AND INSULATION CO., LLC,** | * * * | |
| Defendant. | * | |

## MEMORANDUM OPINION

The Trustees of the National Asbestos Pension Fund (the "Pension Fund"), a multiemployer benefit plan, have sued KC Firestop and Insulation Co. LLC ("KC Firestop"), an Ohio corporation, under the civil enforcement provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g), for alleged delinquent contributions to the Pension Fund. KC Firestop has moved to dismiss or, alternatively, to transfer venue, arguing that venue is improper in the District of Maryland. For the reasons that follow, KC Firestop's Motion to Dismiss or Transfer Venue (Paper No. 5) is **DENIED**.

Generally, venue is only proper if an action is brought in:

1. a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
2. a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or
3. if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). KC Firestop argues that, under Federal Rule 12(b)(3), this case should be dismissed for improper venue as it resides in Ohio, has no contacts with Maryland, and because

there are no allegations that a substantial portion of the events occurred in Maryland. Alternatively, KC Firestop argues that even if venue is proper in Maryland, the Court should nonetheless transfer the case to the Southern District of Ohio "[f]or the convenience of the parties and witnesses" and "in the interests of justice." 28 U.S.C. § 1404(a). It suggests that all the witnesses and evidence in this case are located in Ohio, as is its preferred counsel, and therefore trial would be more efficient in Ohio. Moreover, KC Firestop notes that, as a company of two people, its financial resources are severely limited relative to those of the Pension Fund.

The Pension Fund responds that KC Firestop relies on the wrong statute governing venue. Specifically, it argues that, with delinquent contribution actions under ERISA, venue is appropriate in the federal district court "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). According to the Pension Fund, this special venue provision was designed to "facilitate enforcement of ERISA and to minimize the expense to the Trustees and the fund in collecting delinquent payments." *Trustees of Nat. Asbestos Workers Pension Fund v. Lake Erie Insulation Co.*, 688 F. Sup. 1059, 1060 (D. Md. 1988); *see also Flynn v. Veazey Const. Corp.*, 310 F. Supp. 2d 186, 193 (D.D.C. 2004) (noting that the "special venue provision makes collection efforts efficient, economical, and inexpensive for ERISA funds, fulfilling Congress's intent to protect the financial integrity of such funds"). Since the Pension Fund is administered in Maryland, it argues that venue is in fact proper here.

With respect to KC Firestop's request to transfer venue, the Pension Fund responds that KC Firestop has not met the heavy burden to disturb its choice of venue. The Pension Fund again argues that in ERISA cases there is a policy rationale in favor of according its chosen

forum greater weight, and that a transfer would only shift the burden of inconvenience from KC Firestop to the Pension Fund.

The Court agrees with the Pension Fund. ERISA's special venue provision trumps the general venue provisions of 28 U.S.C. § 1391(b). Accordingly, venue is proper here as the Pension Fund is administered in the State of Maryland. *See* 29 U.S.C. § 1132(e). Regarding possible transfer, a plaintiff's "choice of forum should not be disturbed unless the balance of equities is strongly in favor of the defendant." *Trustees of Nat. Asbestos Workers Pension Fund*, 688 F. Supp. at 1060 (citing *Gulf Oil v. Gilbert*, 330 U.S. 501 (1947)). Moreover, Trustees of ERISA funds "are given the privilege to sue employers who fail to contribute to the fund in the district where the plan is administered without regard to the location of the employers. This policy of Congress . . . reflect[s] the intent to facilitate enforcement of ERISA and minimize the expense to the Trustees and the fund in collecting delinquent payments." *Id.* Even though KC Firestop may have fewer resources than the Pension Fund, the policy rationale supporting ERISA's special venue provision requires more than KC Firestop has argued here to justify transferring this case away from the Pension Fund's preferred forum.

For the foregoing reasons, the Court **DENIES** KC Firestop's Motion to Dismiss or Transfer Venue (Paper No. 5).

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**May 4, 2015**